IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSEPH LEE JONES,
                    Plaintiff,

          v.                    CASE NO.  12-3229-SAC

STATE OF KANSAS,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

This pro se complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Shawnee County Jail, Topeka, Kansas.  In the caption of the complaint, plaintiff names as defendants: State of Kansas, Topeka Police, Shawnee County, Shawnee Co. Jail, and Shawnee County Counselor.  Elsewhere in his complaint, he also lists "Attorney General Office" as a defendant.

Plaintiff's allegations as to the factual "background" of his case include no names or dates and certainly no clear statement of facts.  As Count I, plaintiff writes a jumble of statements with conclusory assertions of the First Amendment right to communicate and seizure of mail.  He also baldly cites the Fourth and Eighth Amendments.  As factual support for this Count, he alleges that he was forbidden from writing "legal mail" on his envelope and expresses his opinion that "legal mail is mail to anyone regarding a legal

1

matter."

As Count II, plaintiff claims his access to courts has been blocked by "Shawnee County Court" and that he could not file a state habeas action. As supporting facts, he alleges that he has done the "possible time on case 11-CR-523," is unable to ask for relief about "the D.A. office" digging into juvenile police report, and that he brought his problems to Judge Braun on his current criminal charge but "they" don't look into his claims.

As Count III, plaintiff claims violations of his right to fair trial and "judicial misconduct by D.A. and attorney." As support, he alleges that "they" lied and tricked him into deals. He also alleges that Judge Wilson will not order his attorneys to produce plea agreements to show he was tricked, will not make the jail produce phone calls to his attorney about the plea agreements, and that he complained to "the judges" but they "won't turn on each other."

Plaintiff attaches numerous exhibits to his complaint. However, none is referred to in the complaint. Many of the exhibits are papers that Mr. Jones apparently filed in state court or exchanged with state officials regarding his state criminal case No. 11-CR-523 or other civil matters. He also includes a long police report from 1990 with no explanation as to its relevance. The court has no obligation to parse these papers in search of claims or facts to support claims that plaintiff may intend to raise in this § 1983

complaint.

Plaintiff generally requests injunctive and declaratory relief as well as a million dollars.  However, he does not request any particular injunctive relief in the complaint and does not allege facts indicating that he would be entitled to such relief.

**FILING FEE**

The statutory fee for filing a civil rights complaint is $350.00.  Plaintiff has neither paid the fee nor submitted a complete motion to proceed without prepayment of fees.  This action may not proceed further until Mr. Jones has satisfied the statutory filing fee in one of these two ways.  Mr. Jones is reminded that 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."[1]  28 U.S.C. § 1915(a)(2).

---

1     Mr. Jones is also informed that pursuant to 28 U.S.C. §1915(b)(1) he will remain obligated to pay the full district court filing fee of $350.00 for this civil action.  Being granted leave to proceed without prepayment of fees merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Under that section, the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the

Plaintiff's bald statement that he "requested this" but never received it is not sufficient to excuse him from this statutory requirement.  Instead, he must provide some proof that he made a proper request.

In addition Mr. Jones must utilize the proper forms for his motion, which require that he set forth all his assets.  The facts that he has been disabled and "on social security" do not excuse his having to comply with these statutory prerequisites.  Nor does the single page he submitted after his motion showing that he owed money satisfy the requirement that he disclose his financial transactions over a six-month period.

Plaintiff is given time to properly satisfy the filing fee prerequisites.  He is forewarned that if he fails to do so within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.  The clerk shall be directed to provide plaintiff with forms for filing a proper motion under 28 U.S.C. § 1915(a).

## SCREENING

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief

filing fee has been paid in full.

4

may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**IMPROPER DEFENDANTS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). None of the following defendants is a "person:" State of Kansas, Topeka Police, Shawnee County, Shawnee County Jail, Attorney General Office. For that reason, they are not proper defendants in this lawsuit under § 1983.

Furthermore, the State of Kansas and its agency Office of the Attorney General are absolutely immune to suit for money damages under the Eleventh Amendment. In addition, counties and their agencies and municipal agencies are not liable unless the acts complained of were taken pursuant to an established policy of the agency. Plaintiff does not describe any county or city policy and explain how it caused his constitutional rights to be violated.

**IMPROPER CLAIMS**

Plaintiff's claims, to the extent that they can be understood, are of two different types. His claims that his right of court access has been impeded and that his mail was improperly withheld are

6

challenges to the conditions of his confinement and are properly raised in a civil rights complaint.

All plaintiff's other claims appear to be challenges to either of two of Mr. Lee's state criminal convictions. For example, his claims regarding his criminal history, that his guilty pleas were coerced, that he has been denied a speedy trial, and that he served his time on his earlier sentence are challenges to his state convictions. Any claims that are challenges to a state criminal conviction may only be raised in federal court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such claims are not properly raised in this civil rights complaint. Furthermore, plaintiff may not seek money damages in federal court based upon challenges to his state court convictions unless and until he has had the state convictions overturned. The court notes that subsequent to filing this civil complaint, Mr. Lee filed a habeas corpus petition in this court in which he raises at least some of the same challenges to his state convictions. None of plaintiff's habeas corpus claims will be considered in this civil rights action. The only claims the court considers in this case are plaintiff's claims of denial of court access and interference with his mail.

**FAILURE TO STATE FACTS TO SUPPORT A CLAIM**

The court finds the following with respect to plaintiff's

conditions-of-confinement claims.    Rule 8(a)(2) of the Federal
Rules of Civil Procedure requires a plaintiff to present a "short
and plain statement of the claim showing that the pleader is entitled
to relief. . . ."  The Tenth Circuit Court of Appeals has explained
"that, to state a claim in federal court, a complaint must explain
what each defendant did to [the pro se plaintiff]; when the defendant
did it; how the defendant's action harmed (the plaintiff); and, what
specific legal right the plaintiff believes the defendant violated."
*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice
Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff does not
name any "person" as a defendant.   Nor does he describe the acts taken
by any defendant that is named, the date of those acts, and how he
was harmed.

Plaintiff claims that his access to Shawnee County Court has
been impeded by that court.  However, the facts he alleges and his
attached exhibits do not support a claim of unconstitutional denial
of access.  His exhibits indicate that he filed several cases in
state court that a county judge found to be repetitive and abusive,
and that Mr. Jones was warned that he would be charged filing fees
in the future.  There is no right to file abusive pleadings in any
court, and a judge has full authority to control his docket as well
as to impose filing fees.

In any event, an essential element of a claim in federal court

8

of denial of access is a showing of actual injury.  Plaintiff does not allege facts showing any injury to a non-frivolous action that was filed by him.  Moreover, plaintiff's complaints regarding his state civil cases do not entitle him to the relief he requests against any of the defendants named in the complaint.  If plaintiff disagrees with any rulings of the Shawnee County District Court, his recourse is to seek relief in the state appellate courts.

Plaintiff's claim of interference with legal mail is likewise not supported by sufficient facts.  Lee's own allegations and exhibits indicate the following factual background for this claim. Mr. Lee attempted to mail letters that he had marked as legal mail, which he describes as concerning his "civil affairs."  However, jail authorities determined that these letters did not fall within the definition of legal mail.  Plaintiff had previously been warned not to improperly designate mail as legal, and this rule violation led to a disciplinary hearing and finding of guilty.  The exhibited decision from the disciplinary proceedings indicates that the letters in question were sent by plaintiff to Kansas Fiber Optic Cable, LCD Class, Epig Bankruptcy Solutions, and Girardi and Company, which are businesses rather than courts, governments or law firms. Plaintiff was informed in a "Response" from the Director of the Shawnee County Department of Corrections that "letters sent to your home or local businesses" are not legal mail simply because you have

placed the words "Legal Mail" upon them.  Plaintiff's belief that
these letters were "legal in nature" is not enough to present a §
1983 claim in federal court.  Nor did his generically addressing
these letters to the "attorneys for" these businesses transform them
into legal mail.  In short, the facts alleged by Mr. Lee do not
indicate that administrative decisions regarding these four letters
violated his federal constitutional rights.

Plaintiff was also notified by the Director that his "letters
were confiscated," held "as evidence for (his) disciplinary hearing"
and once that hearing was concluded were placed in his property so
that he could access them if he "utilize(d) the appropriate
mechanism."  Thus, plaintiff does not even allege facts showing that
he is being prevented from accessing these letters.

In summary, the court finds that this complaint is frivolous
on its face and utterly fails to state facts or a legal theory that
would entitle plaintiff to relief under 42 U.S.C. § 1983.  Plaintiff
is given the opportunity to cure the deficiencies in his complaint
discussed herein.  If he fails to do so within the time allotted,
this action will be dismissed as frivolous and for failure to state
a claim and will count as a strike against Mr. Jones.[2]

---

2    Section 1915(g) of 28 U.S.C. provides:

In no event shall a prisoner bring a civil action or appeal a judgment
in a civil action or proceeding under this section if the prisoner
has, on 3 or more prior occasions, while incarcerated or detained in

The court has considered plaintiff's Motions to Appoint Counsel (Docs. 3 & 4).  There is no right to counsel in a civil action, and the matter is within the discretion of the court.  This action appears to be frivolous.  Accordingly, the court finds that these motions should be denied.

**OTHER FILINGS**

Plaintiff has filed at least three additional pleadings. Having considered these pleadings, the court finds that to the extent they are motions, they should be denied.  Plaintiff is informed that he must submit separate pleadings in each of his pending cases, and that it is improper for him to send one pleading and request that it be filed in two separate cases.  The court accepts handwritten copies.

Plaintiff is also informed that he may not add claims to his complaint by simply filing papers that discuss new claims.  Instead, he may only add claims by filing a complete Amended Complaint upon court-approved forms that includes all the parties and claims he intends to pursue in his lawsuit.  An Amended Complaint completely supersedes the original complaint.  Consequently, any claims in the

---

any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

original complaint that are not included in the Amended Complaint are no longer before the court.  Thus, Mr. Lee's attempts to add claims or significant allegations by way of these additional pleadings are not accepted as amendments.

The first additional pleading filed by plaintiff contains no title but states at the top: "To: Attorney General of Kansas."  The clerk was instructed to file this paper as a Supplement (Doc. 5).  However, the court now finds that Document 5 is not a proper motion or other pleading.  It is "a letter" to the Attorney General in which Mr. Lee repeats his claims and inexplicably sent to the court instead of the Attorney General.  No court action is requested in this letter, and none is awarded.

Document 6 filed by plaintiff is entitled a "Motion for injunctive relief, specifically a Request Order to return seized items, legal mail" (Doc. 6).  Plaintiff does not set forth any of the four factors along with facts in support that might entitle him to a preliminary injunction.  Instead, he asks this court to order the Shawnee County Jail to "return the four letters" on which he wrote "legal mail" so that he can mail them.  For reasons already stated, plaintiff has failed to show a likelihood of success on the merits of this claim, which is an essential factor for obtaining preliminary injunctive relief.  Accordingly, this motion is denied.

Document 7 is not a proper pleading, and neither a case caption

12

nor a title is written on the first page as required.   It also appears that several pages attached to Document 7 should have been presented to the court as separate pleadings with the case caption and number and a descriptive title on the first page of each.

Document 7 has material attached that should have been filed as a supplement to plaintiff's motion for appointment of counsel, including letters from attorneys declining to represent him.   This material was considered along with plaintiff's motion for counsel, and that motion was denied.

Two statements are also attached to Document 7 that are addressed to "whom it may concern."   In these statements, plaintiff again makes claims regarding his state criminal convictions, which as the court has already noted are not properly considered in this civil rights complaint.

Plaintiff also attached to Document 7 a page with the title "Petition for Damages & Injunctive Relief."   On this page he asks the court to order the return of seized property including guns, money, gold, and jewels that apparently were forfeited and claims illegal search and seizure.   As the court discussed earlier, plaintiff may not add claims other than by filing a complete Amended Complaint.   The court will not consider these claims as they have not been properly added.   Moreover, they do not appear to be related to plaintiff's conditions claims and thus would not be properly

13

joined in this action.

Finally, a page is attached to Document 7 that is addressed to "Shawnee County Counsler (sic).  In this letter, plaintiff discusses a "lawsuit for consumer protection violations" that he filed and complains about charges at the jail commissary.  No claim is properly added, no court action is requested, and none is awarded.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days to submit a motion to proceed without prepayment of fees that is on the appropriate court-provided forms with the requisite financial information attached, or proof that he has properly sought the financial information from the appropriate official but his request was improperly denied.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to cure the deficiencies in his complaint that have been discussed herein, or this action will be dismissed.

**IT IS FURTHER ORDERED** that all claims in the complaint that are challenges to plaintiff's state criminal convictions are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docs. 3 & 4) and Motion for Injunctive Relief (Doc. 6) are denied.

The clerk is directed to send plaintiff the appropriate IFP forms.

14

**IT IS SO ORDERED**.

Dated this 20th day of November, 2012, at Topeka, Kansas.




                                    s/Sam A. Crow
                                    U. S. Senior District Judge