# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


JOSEPH LEE JONES,

            **Plaintiff,**

       v.                       CASE NO.  12-3229-SAC

STATE OF KANSAS,
et al.,

            **Defendants.**

## MEMORANDUM AND ORDER

The court previously screened the original complaint filed herein and ordered plaintiff to cure the deficiencies set forth in its screening order as well as provide the financial information required by federal law to support his motion to proceed without prepayment of fees.  The matter is now before the court for consideration of plaintiff's compliance with the screening order, screening of plaintiff's Amended Complaint, and determination of plaintiff's numerous motions.  Having considered all materials submitted by Mr. Jones, the court concludes that the Amended Complaint fails to state a federal constitutional claim because plaintiff's own allegations and exhibits show that the letters in question were not "legal mail" and fail to show that he was denied access to the courts. Furthermore, plaintiff again fails to name proper defendants.

Accordingly, this action is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B).

## I.  FEES ASSESSED

28 U.S.C. § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to his account was $99.00.  Information on monthly balances is not provided.  The court therefore assesses an initial partial fee of $19.50, which is twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must immediately submit this initial partial fee to the court.  Plaintiff's motions to proceed without prepayment of the entire fee are granted, and he is assessed the remainder of the $350.00 filing fee.  He is thus allowed to pay that remainder in installments automatically deducted from his account pursuant to 28 U.S.C. § 1915(b)(2).

## II.  PLAINTIFF'S COMPLIANCE WITH SCREENING ORDER

Mr. Jones complied with part of the court's screening order by providing requisite financial information (Doc. 12). In order to have properly responded to the remainder of that order, he should have filed either a single response in which he addressed each deficiency found by the court or a complete Amended Complaint. Instead, during the response period and for two months thereafter Mr. Jones filed 28 motions and other papers, none of which was a proper response or Amended Complaint.[1] Finally, three months after the court's screening order, plaintiff filed his First Amended Complaint (Doc. 40).

### III. SCREENING FIRST AMENDED COMPLAINT

Before plaintiff filed his Amended Complaint, he was informed in the screening order that:

> An amended complaint completely supersedes the original complaint. Consequently, any claims in the original complaint that are not included in the Amended Complaint are no longer before the court.

The legal standards to be applied during screening were set forth in the court's prior order.

#### A. Allegations and Claims

In the caption of his First Amended Complaint, plaintiff

---

[1] Plaintiff recently stated that he filed "every type of motion or affidavit" he had "heard of" and hoped this was "sufficient to prove that his civil right has been violated" (Doc. 18)."

names two defendants: "Shawnee Co. Jail" and "Shawnee Co. Court Clerk" (name unknown). Elsewhere, he refers to Richard Eckhart, Shawnee County Counselor, as a third defendant.[2] As the factual basis for Count I in his Amended Complaint, plaintiff alleges that defendant unnamed Clerk of the Shawnee County District Court (hereinafter Clerk) failed to file his petitions including a complaint regarding the seizure of his four out-going letters. In the factual background section, he alleges that from September to December 2012, he tried to file "several writs of habeas corpus 60-1501-07 at Shawnee Courthouse," but was told he had to pay the filing fee and the Clerk once responded, "previous filing restriction."[3] The Clerk did not inform him how to resolve the matter and would never respond to his requests. Plaintiff asserts denial of his "guaranteed right to the writ," access to the courts, and his First Amendment "right to communicate with outside world."

Counts II and III in the Amended Complaint are based upon plaintiff's allegations that four letters he attempted to mail as "legal mail" were improperly seized and withheld.

---

[2]     Rule 10 of the Federal Rules of Civil Procedure requires a plaintiff to name all parties in the caption. The court liberally construes the complaint as naming a third defendant, even though Eckhart is not named in the caption.

[3]     Mr. Jones alleges that there was no fee for state habeas petitions, but restrictions imposed upon him required that he pay a $154.00 fee to file another "consumer protection lawsuit."

Plaintiff's own pleadings and exhibits indicate the following factual background for this claim. In September or October 2012, plaintiff marked "legal mail" on the envelopes of four letters and attempted to mail them out of the Shawnee County Jail. These four letters were addressed to four businesses: Kansas Fiber Optic Cable, LCD Class, Equip Bankruptcy Solutions, and Gilardi and Company (a class action management company). Plaintiff has described these letters as concerning his "civil affairs." Plaintiff alleges that K.A.R. 44-12-601 defines legal mail for Kansas prisons, that the jail "crafts its rules after the prisons," and that in the jail's inmate rule book legal mail is defined as "mail to court, officials, or lawyer." On page 14 of the Inmate Handbook of the Shawnee County Department of Corrections "legal mail" was defined as "mail sent to or received from an attorney, judge, or other federal, state, or local government official."

Mail Assistant Ms. Sipp returned the four letters to Mr. Jones with directions to remove the words "legal mail." Sipp and Angie Ross directed Mr. Jones not to write the words "legal mail" on these letters because they were not to courts, governments, or law firms. Thereafter, Mr. Jones wrapped the letters with "legal mail" still marked upon the envelopes in a piece of paper on which he wrote "legal mail is special" and "it

is not my fault that its (sic) baffling," and again placed them in the mail box. Ms. Sipp wrote a disciplinary report against plaintiff based upon this incident. The four letters were confiscated and held as evidence in the disciplinary proceedings. Officer Chuck noted on the disciplinary hearing record that plaintiff requested his letters back. Plaintiff was informed that after the hearing the letters were placed in his property. He requested them from the property officer, who apparently refused his request. Plaintiff was advised in a "Response" from the Director of the Shawnee County Department of Corrections that his "simply placing the words 'Legal Mail' on letters" did not make them fall within the definition for legal mail.

Based on these allegations, plaintiff asserts that his First Amendment rights to court access, to "communicate with outside world," and "lawyer-client privilege" were violated. He seeks millions of dollars in punitive damages "because they all know (he is) right yet don't fix it." He also seeks "compensatory damages" for his "losses of being able to opt-out of class action lawsuit and sue in the state for civil penalties for consumer protection violations" allegedly resulting from his letters being "seized past the opt-out or due date." In addition, he seeks ten million dollars "for (his) mail," ten

"for habeas writs," and one million for pain and suffering.

### B. *Legal Standards*

Prison inmates have a constitutional right to "meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 823 (1977). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983); see also *Al-Amin v. Smith*, 511 F.3d 1317, 1331 (11th Cir.), *cert. denied*, 555 U.S. 820 (2008); *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). The Supreme Court has held that "in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury." *Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996)(an inmate asserting denial of access to the courts must satisfy the standing requirement of "actual injury."); *Simkins v. Bruce*, 406 F.3d 1239, 1243-44 (10th Cir. 2005); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)(An inmate alleging interference with legal access must allege specific facts showing that a "distinct and palpable" injury resulted from defendants' conduct.). "In order to satisfy the actual injury requirement, the plaintiff must show that prison officials frustrated or impeded the plaintiff's ability to file non-

frivolous direct appeals from his conviction, a habeas corpus petition or a civil rights claim pursuant to § 1983 'to vindicate basic constitutional rights.'" *Redmon v. Zavaras*, 2011 WL 2728466 (D.Colo. June 16, 2011)(citing *Lewis*, 518 U.S. at 351, 354-55 (internal quotation marks and citation omitted); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996)("an inmate must satisfy the standing requirement of 'actual injury' by showing" that defendant "hindered the prisoner's efforts to pursue a nonfrivolous claim"); *Simkins*, 406 F.3d at 1243;[4] see also *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)("To present a viable claim for denial of access to courts . . . an inmate must allege and prove prejudice arising from Defendants' actions.").

In addition, "prisoners retain the right to send and receive mail, see *Thornburgh v. Abbott*, 490 U.S. 401 (1989), and repeated violations of a prison mail policy may implicate First Amendment concerns if the prison employee acts in an 'arbitrary' or 'capricious' fashion." *Cotner v. Knight*, 61 F.3d 915, *5

---

[4]     For example, in *Simkins*, 406 F.3d at 1243, the prison withheld an inmate's legal mail including a summary judgment motion filed in a civil action, and the delay adversely affected his civil action. The Tenth Circuit found injury, concluding that "the prejudice from the interference with plaintiff's legal mail is directly and inextricably tied to the adverse disposition of his underlying case and the loss of his right to appeal from that disposition." *Id.* at 1244.

(10th Cir. 1995)(Table)[5](citing *Lavado v. Keohane*, 992 F.2d 601, 609-610 (6th Cir. 1993)).

### C.  Complaint Fails to State Claim Regarding Mail

The court finds based upon plaintiff's own allegations and exhibits that the letters in question were not "legal mail". Plaintiff's four letters were to businesses.  They were not to his retained or appointed attorney, a court, or a government official.  Consequently, they did not fall within the handbook's definition of "legal mail" and were improperly marked as such by Mr. Jones.[6]  This court informed plaintiff in its screening order that his belief that these letters were "legal in nature" was not enough to state a claim.  Plaintiff mainly continues to express his disagreement with prison officials and the court and his opinion that his four outgoing letters were legal mail.  The few additional facts alleged in the Amended Complaint include that the four letters were not considered legal because "they"

---

[5]    Unpublished opinions are cited herein for persuasive reasoning only rather than as binding precedent.  <u>See</u> Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

[6]    In one of his many motions (Doc. 19), plaintiff argues that the jail uses the term "legal mail" as an indicator that free postage is required, and was not obliged to provide free postage other than on legal mail concerning current charges or conditions of confinement.  Cf. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995)("Other than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters.")(citing *Nordgren v. Milliken*, 762 F.2d 851, 855 (10th Cir.), cert. denied, 474 U.S. 1032 (1985)).  Thus, free postage was not provided for letters to businesses.

refused to open them and view the contents.  However, Mr. Jones has never adequately described the contents of his letters and thus has not shown that the contents fell within the definition of legal mail.[7]  Accepting that plaintiff's letters were determined to be non-legal based upon the addressees rather than the contents, the court finds that this determination is not shown to have been arbitrary, capricious, or unconstitutional in any sense.

Plaintiff's own allegations and exhibits show to the contrary, that under the circumstances confiscation of his letters was reasonable.  Plaintiff acknowledges that there was a "rule against markings on mail" and even that his letters did not meet the inmate rule book definition of legal mail.  Despite this knowledge and despite having been directed by jail officials to remove the "legal mail" markings, Mr. Jones insisted on re-mailing his four letters with the improper markings.  His allegation that the pertinent rule "serves no penological purpose" in his case is nothing more than a conclusory statement.  As plaintiff has been informed, conclusory allegations are not sufficient to state a § 1983

---

[7]    Plaintiff's own allegations indicate that he was attempting to become involved in advertised product liability or consumer protection lawsuits or to opt out of such lawsuits so that he could file his own.  It is notable that the filing restrictions imposed upon Mr. Jones in state court required that he pay the filing fee if he attempted to file another products liability lawsuit.

claim.  Plaintiff has presented no facts or arguments from which this court might conclude that either the jail's definition of "legal mail" or its policy of requiring that letters marked "legal mail" fit within that definition was unreasonable.[8]

Plaintiff offers no explanation for his refusal to comply with the rule and directives so that he could send his letters and meet deadlines.  Consequently, the court finds that access was available to Mr. Jones to communicate with the businesses regarding class action lawsuits had he simply chosen to adhere to jail policy and directives.

In addition, Mr. Jones again fails to show the necessary element of a denial of court access claim: that he suffered actual injury to a pending non-frivolous court action as a result of the mail handling.  As noted, Mr. Jones has never adequately described the contents of any of his letters or explained how each impacted a non-frivolous lawsuit filed by him.  Nor has he adequately identified how any such lawsuit was actually prejudiced as a result of these particular letters not being mailed.  Conclusory allegations of injury will not suffice. *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Johnson*, 452 F.3d at 974.  Even if plaintiff had described an actual

---

[8]  Preventing inmates from misusing free postage is hardly unconstitutional.

injury, he would have to explain how defendants were the cause rather than his insistence upon mailing his letters with improper markings.

Additional legal arguments urged by plaintiff in his Amended Complaint are not persuasive. His assertion that his First Amendment right to communicate with the outside world was violated is nothing but a conclusory statement and is refuted by the fact that had Mr. Jones removed the invalid "legal mail" markings from his letters they could have been sent.[9] His bald assertion that the attorney/client privilege was violated is likewise supported by no facts whatsoever. Plaintiff does not explain how the withholding of these letters on this single occasion interfered with his right to consult with his attorney in a criminal or other non-frivolous case or resulted in ineffective assistance of his counsel. Plaintiff also argues that "privileged mail is entitled to the same protections as legal mail" and baldly states that his letters should have been sent as privileged. However, he does not show that his four letters to businesses met the definition of privileged mail or that he presented them as anything other than "legal mail."

In sum, the court finds that no viable constitutional claim

---

[9]    In his Amended Complaint, plaintiff speculates that had he placed postage stamps on his letters they would have been mailed without "criticism," and "the jail" is concerned only with having to provide free postage.

is alleged because plaintiff fails to show a factual or legal basis for treating his four letters as "legal mail," makes no showing that actual injury resulted from the confiscation of these particular letters, and could have mailed his letters and thus met his deadlines and communicated freely had he simply removed the improper markings.

### D. *Failure to State Claim Against Defendant Court Clerk*

Plaintiff's claim that the Clerk violated his constitutional rights by denying him access to the Shawnee County District Court is not supported by sufficient facts to state a federal constitutional claim. Plaintiff alleges that defendant Clerk failed to file several state habeas petitions including his "second complaint" regarding the jail's seizure of his letters. However, at the same time Mr. Jones admits that he was subject to filing restrictions imposed by a state judge and that those restrictions were referenced by the Clerk at least once. Mr. Jones has alleged no facts indicating that defendant Clerk acted other than in accord with relevant judicial restrictions. Even if the Clerk mistakenly applied judicial restrictions to some of plaintiff's proffered petitions or violated state law, neither is grounds for relief under § 1983. In any event, plaintiff's allegations indicate that this matter

was resolved with the help of another state district judge,[10] and that Mr. Jones was allowed to file his state action.[11]   With regard to his state "habeas petitions," plaintiff has not described their contents to show that they were non-frivolous cases.  He has thus failed to allege necessary facts to show actual injury.


**E.   *Failure to Name Proper Defendants and Allege Personal Participation***

Even if Mr. Jones had alleged sufficient facts in his Amended Complaint to state a constitutional claim, this action

---

[10]    Plaintiff exhibits a letter to him from Shawnee County District Court in which Judge Hendricks stated that he had considered the filing restrictions imposed upon Mr. Jones by Judge Andrews, "which prevented you from filing suit in Shawnee County by way of poverty affidavit," and removed them.  Plaintiff was further advised that Judge Hendricks "will be reviewing all your filings to insure that you are not once again abusing the system as previously indicated by Judge Andrews."  Doc. 37, Attach 5.

[11]    On February 1, 2013, plaintiff filed a case that he describes as identical to this one in Shawnee County District Court.  He exhibits pleadings that he filed in his state court case.  Public records of the docket show the following entry dated April 12, 2013:

> Journal Entry on Motions to Dismiss and Order of Dismissal was issued by Senior Judge Sanders.  The Court finds and Orders that Plaintiff's Petition for Violation of Civil Rights along with all other claims of relief, including request for case management conference, injunctive relief, declaratory judgment, summary judgment, default judgment, request for lawyer, judgment on pleadings, and request for interrogatories should be and the same is hereby dismissed in its entirety.  SR Judge Sanders

This shows that plaintiff accessed the state court and suggests another ground for dismissal of this action.  Under res judicata principles, these dispositive findings in state court bar relitigation of plaintiff's identical claims in this federal court action.

would be dismissed because he again fails to name a proper defendant. He was informed in the screening order that the "Shawnee County Jail" is not a proper defendant in a § 1983 lawsuit because a jail is not a "person". He alleges no additional facts in his First Amended Complaint to establish that the jail is a proper defendant.

Plaintiff was also informed in the court's screening order that he must describe the allegedly unconstitutional acts of each defendant. He names County Counselor Richard Eckhart as a defendant, but does not describe a single act taken by Mr. Eckhart in the Amended Complaint. His statement that "all the rules and policies are overseen by the County Counselor" is vague and conclusory. It is well-settled that an individual defendant may not be held liable for money damages in a civil rights action based solely upon his supervisory capacity.[12]

The only person whose acts are described in the complaint is the unnamed Clerk of the Shawnee County District Court. However, no facts whatsoever are alleged showing this person's personal participation in the handling of plaintiff's mail at the jail. Mr. Jones obviously cannot recover millions of dollars or any damages from this defendant for acts that he or she took no part in. No person who was in a position to have

---

[12] Furthermore, county attorneys are generally immune to suit for money damages based upon actions taken within their official capacity.

actually seized or withheld plaintiff's mail at the jail is named as a defendant either in the caption or elsewhere in the Amended Complaint. Plaintiff's failure to name a proper defendant and show how the named defendant(s) participated in the seizure of his mail is sufficient cause alone to dismiss his mail seizure claim.

### F.  Failure to State Facts to Support Damages Claims

In his Amended Complaint, the only relief sought by plaintiff is money damages. 42 U.S.C. § 1997e(e) provides that:

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. VanBebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002). Plaintiff does not show that he suffered any physical injury and, as a result, his requests for damages based on pain and suffering as well as his claims for compensatory damages are barred by § 1997e(e).

Likewise, plaintiff fails to allege facts to support a claim for punitive damages. To obtain punitive damages under §

16

1983, plaintiff must show that defendants' conduct was "'motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others.'" *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992)(quoting *Smith v. Wade*, 561 U.S. 30, 56 (1983)). Plaintiff alleges no facts to suggest evil motivation.


## IV.  PLAINTIFF'S OTHER MOTIONS

As noted, plaintiff filed numerous "motions" following the court's screening order.  In these other pleadings, plaintiff often repeats allegations, claims and arguments, many of which were already rejected.  For example, he rehashes challenges to his state criminal proceedings, even though the court dismissed these claims and explained that habeas corpus claims cannot be raised in a civil rights complaint.  This unnecessary repetition does nothing to cure the deficiencies in plaintiff's claims.

Plaintiff's "motions" also include many new allegations and claims.  Mr. Jones was informed in the screening order that he could only add claims by filing a complete Amended Complaint. In addition, plaintiff was informed that claims unrelated to his denial of access claims were not properly joined in this action. In any event, the court does not consider any of the new claims improperly raised in plaintiff's "motions" that were not also

set forth in his subsequently-filed First Amended Complaint.

To the extent that plaintiff's numerous "motions" are his misguided attempt to respond to the screening order, a court is not obliged to parse numerous improper filings and piece together a proper response or amendment on plaintiff's behalf. Nevertheless, in an effort to liberally construe plaintiff's pro se filings, the court considered any properly-raised, relevant content in ruling upon plaintiff's claims.

To the extent that any of these other pleadings actually are motions, they might be denied as moot because this action is dismissed. However, the court briefly comments upon each.

The court has considered and denies plaintiff's several motions for preliminary relief (Docs. 9, 11, 14,[13] 25, and 35). Plaintiff's first motion for preliminary relief was denied in the screening order because Mr. Jones did "not set forth any of the four factors along with facts in support that might entitle him to a preliminary injunction." His five subsequent motions are repetitive and likewise fail to set forth the requisite factors together with underlying facts that would entitle him to preliminary relief.[14] These motions mainly contain either

_____

[13]    Plaintiff's "Affidavit in support of Motion for Order of Injunctive Temporary Relief" "amends" his damages "request to ten million dollars" and repeats complaints regarding his attempts to file state habeas petitions.

[14]    For example, plaintiff's Motion for Restraining Order (Doc. 9) contains

unnecessary repetition of claims or unrelated claims and are frivolous, abusive filings.

The court has considered and denies plaintiff's motion for appointment of counsel (Doc. 22). Plaintiff's first two motions for counsel were denied in the screening order. In his third motion plaintiff alleges he has severe mental illness and was recently found incompetent by a doctor at Larned State Security Hospital. Plaintiff's allegations regarding his mental condition, accepted as true, do not entitle him to assistance of counsel for litigating the frivolous and improper claims raised herein. Mr. Jones complains that he has been unable to find an attorney to take his case even if he pays, and attributes this to a "scheme to beat (him) out of his rights." However, he alleges no facts to establish that this court's denial of his motion for counsel at taxpayer expense or rejection of his requests for representation resulted from any improper motive.

Plaintiff's document entitled "Affidavit and Exhibit of Legal Notice Attached" (Doc. 13) contains mostly repetitive

---

no argument or authority showing entitlement to a restraining order and instead merely repeats his allegations regarding withheld mail. Plaintiff's purported Supplement (Doc. 10) to his already-denied Motion for Injunctive Relief (Doc. 6) contains no facts whatsoever to substantiate his earlier motion. Therein, the court is asked "to examine" and change the Kansas prison system's indigent limit of $35. In his "Motion for Injunctive Relief, Request for Restraining Order" (Doc. 11) plaintiff baldly claims judicial and attorney misconduct in two state criminal cases. Plaintiff's motion for "injunctive temporary relief" (Doc. 14) presents nothing more than his disagreement with the court's holding that his letters were not legal mail.

allegations.   The court considered the added allegations that the confiscation of plaintiff's letters caused him to miss deadlines to decline to participate in advertised class actions concerning Bayer Aspirin and flat panel screens, which would have allowed him to object and sue on the state level.   This document does not cure any deficiencies in the complaint.

Plaintiff's "Motion" subtitled "Attempt to Satisfy deficiencys (sic)" (Doc. 15) contains additional fact allegations, but is not a complete Amended Complaint.   The court cannot amend Mr. Jones' complaint for him from his affidavit as he requests.   However, the court considered the additional relevant allegations in this document that his letters concerned class action lawsuits "seeking civil penalties for violations of consumer protection law."   Allegations in this document and Doc. 18 substantiate the court's holding that plaintiff's claim that his letters were "legal mail" is frivolous.   This "motion" seeks no relief other than additional money damages and is denied.[15]

The next six documents were filed together by plaintiff and include three entitled "Affidavit Memorandum" (Docs. 16, 17, 18)

---

[15]   Plaintiff's report in this "motion" that he has received no response, apparently meaning from the defendants named in his original complaint, evinces no impropriety.   Service of process has not been ordered in this case, and no defendant is required to respond to a complaint until he or she has been properly served.

with each referring to one of his three counts.[16]   The other

three are each entitled Motion for Summary Judgment" (Docs. 19,

20, 21).[17]   In these documents, plaintiff again rehashes his

claims of mail seizure and denial of state court access.

However, he does not present additional facts sufficient to

state a claim.  Nor does he address the reasons previously given

by the court for finding his allegations insufficient.  None of

these filings entitles plaintiff to summary judgment.  Nor does

this set of affidavits and motions amount to a complete, proper

Amended Complaint.

      In the next two filings, Affidavit in Support of Damages

and Injunctive Relief (Doc. 23) and "Supplement (apparently to

---

[16]   Plaintiff's allegations in the first Affidavit Memorandum (Doc. 16) are
repetitions of complaints regarding his state criminal cases.   His
allegations in the next (Doc. 17) are more of the same along with repetitive
complaints regarding his attempts to file in state court without paying a fee
and a new claim that he has served his time in one case.  His allegations in
his third (Doc. 18) repeat his mail seizure claims.

[17]   In the first of these motions (Doc. 19), plaintiff rehashes his
arguments that the mail in question was legal, particularly with respect to
Gilardi & Co., which he claims administrates class action law suits.   In his
second motion (Doc. 20), plaintiff repeats challenges to his confinement and
state criminal cases, and states that he only seeks money damages.  Plaintiff
ignores the court's advisements in the screening order that he "may not seek
money damages in federal court based upon challenges to his state court
convictions unless and until he has had the state convictions overturned,"
and that "none of (his) habeas corpus claims will be considered in this civil
rights action."   In his third motion (Doc. 21) plaintiff repeats his claims
regarding his attempts to file state habeas petitions.  However, as explained
in the screening order, habeas claims may only be pursued in federal court by
filing a § 2254 petition after having fully exhausted state court remedies.
The rejection of a state petition for failure to pay the fee or even a
mistaken rejection that was later corrected does not amount to exhaustion.
Nor do these facts evince an improper denial of access or plaintiff's
entitlement to money damages.

Doc. 23)"(Doc. 24), plaintiff again improperly attempts to add to his complaint. Neither of these filings has a clear title, but both include "Affidavit in Support of Damages" and Injunctive Relief. Plaintiff mainly asks that his suit be amended to seek one million dollars in punitive damages, which the court considered.

Plaintiff's next filing is a "Request for a Restrain Order and Memorandum Affidavit" (Doc. 25). This motion was denied earlier herein, but the court notes plaintiff's allegation that on December 1, 2012, he filed a grievance requesting return of his letters. This allegation indicates that plaintiff had not fully exhausted administrative remedies at the time he filed this action, which is yet another reason for dismissal of his mail seizure claim. *See* 42 U.S.C. 1997e(a). Plaintiff's request in this filing to add a new count based on medical fees is denied. This pleading is not a complete Amended Complaint, and it is unlikely that this claim could be properly joined.

Plaintiff's next filing (Doc. 30) has no title and is referred to by him as "pieces of paper." It was docketed as a "Supplement" for want of better direction from plaintiff. Upon examination, it is apparent that plaintiff improperly attempts to add new claims, which are habeas in nature. He asks this court to "discover his jail credit" because he is "to be

sentenced." This habeas claim, like his others, may not be litigated in this civil rights action and is for the state sentencing court in the first instance followed by exhaustion of state appellate court remedies.

In Documents 33 and 34, plaintiff moves for default judgment. In support, he alleges that a response was due 20 days after service by the U.S. Marshal and that no response has been filed. In his second motion, plaintiff alternatively seeks to compel a response to his complaint. As Mr. Jones was informed, this court is required by federal law to screen his complaints. Service was not previously ordered in this action for the reason that the screening process had not been completed. These motions present no factual or legal basis and are denied.

Plaintiff's next filing is entitled "Attempt to Fix Caption of Defendants as Ordered" (Doc. 36) and was docketed as his "Response." Plaintiff states that his referral to "et al" in his original complaint should have reasonably been read to include six persons as defendants. However, these persons were neither named in the caption nor referred to as defendants elsewhere in that complaint.[18] This single-page document is not

---

[18] Plaintiff also fails to allege facts showing personal participation in the seizure of his four letters by Ross, Cole, or Phelps. These individuals may not be held liable based only upon their supervisory capacity.

a proper and complete Amended Complaint, and plaintiff did not effectively add parties to this action with this filing.[19] Even if the court liberally construed this as an Amended Complaint to add parties, it was completely superseded by plaintiff's subsequent Amended Complaint (Doc. 40). In any event, the court has found that the mail seizure did not amount to a constitutional violation.

Plaintiff's next filing is entitled "Request to Proceed With Case/Writ of Mandamus and/or Request for Court to Act" (Doc. 37). The court expressly denies this motion as moot as well as without factual or legal basis. Mr. Jones did not file his Amended Complaint until 2 months after his time to respond had expired, and his numerous other filings have served only to delay resolution of this matter.

The court has considered and denies plaintiff's "Motion is (sic) Suport (sic) of Summary Judgement (sic)(Doc. 38)." No defendants have been served, and this is not a proper summary judgment motion or amended complaint. Nevertheless, factual allegations herein were considered by the court in screening plaintiff's claims. In this motion repeats plaintiff repeats

---

[19] Likewise, plaintiff's claim of "mistaken fee" is not added and his attachments to this pleading regarding a $3.00 sick call fee are not shown to be related to his denial of access claims.

his claims and arguments regarding a filing ban in state court and his four letters to businesses. He does not allege additional facts establishing that he is entitled to judgment.[20] This motion is denied and found to be frivolous and abusive.

Plaintiff's next filing is entitled "In U.S. District Court Topeka Kansas Amended Complaint" (Doc. 39). However, this document is a copy of a pleading filed in Shawnee County District Court. Suffice it to say that whatever this is, it is not a complete amended complaint upon court-provided forms. The court construes this as a motion to amend and denies it because it is not accompanied by a proper, complete amended complaint.

Plaintiff's Motion to Compell (sic) Discovery from Defendants (Doc. 42) has been considered and is denied. There is no indication that Mr. Jones has followed the Rules of Civil Procedure governing discovery or that he is entitled to an order compelling discovery at this time.

## V.  SUMMARY AND ORDER

For all the foregoing reasons, the court finds that plaintiff fails to state a federal constitutional claim and is entitled to no relief.

---

[20]    Plaintiff gives no explanation for attaching to this motion pleadings filed in Shawnee County District Court Case No. 13-C-146, including a request for interrogatories. They are not considered further.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is hereby assessed an initial partial filing fee of $19.50, and this amount is immediately due and owing to the clerk of the court.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Proceed without Prepayment of Fees (Docs. 2, 12) are granted, and plaintiff is hereby assessed the remainder of the $350.00 filing fee to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently confined is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by his custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff's remaining pending motions (Docs. 9, 11, 14, 15, 19, 20, 21, 22, 25, 31, 33, 34, 35, 37 and 42) are denied.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for failure to state a claim and as frivolous.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**