IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,
                Plaintiff,

      v.                          CASE NO. 12-3229-SAC

STATE OF KANSAS,
et al.,

                Defendants.

**O R D E R**

On August 21, 2013, this court entered a Memorandum and Order dismissing this action for failure to state a claim and as frivolous. This matter is now before the court upon plaintiff's Motion to Alter or Amend Judgment (Doc. 47) and Motion for Leave to Amend Complaint (Doc. 48). Having considered these post-judgment motions, the court finds that plaintiff is entitled to no relief and denies the motions.

**BACKGROUND**

In this action plaintiff mainly challenged the refusal of prison officials to send four letters that he had addressed to businesses and improperly designated as "legal mail" as well as the withholding of these letters in connection with subsequent disciplinary proceedings. The court entered a screening order

1

finding that the original civil rights complaint was subject to dismissal for several reasons including improper inclusion of habeas corpus challenges to plaintiff's state convictions, failure to name proper defendants, failure to provide dates, and no clear statement of facts or allegations of personal participation by a person named as defendant. Plaintiff's habeas corpus claims were dismissed. With respect to plaintiff's conditions claims of interference with legal mail and denial of court access, the court found that the complaint was frivolous on its face and utterly failed to state facts or a legal theory that would entitle Mr. Jones to relief under § 1983. Plaintiff was given time to cure the deficiencies to his conditions claims.

After entry of the screening order, Mr. Jones "filed 28 motions and other papers," some beyond expiration of the court's deadline. Then, two months after the response period had expired, he filed his First Amended Complaint (Doc. 40). Nonetheless, the court reviewed all of plaintiff's filings. In his Amended Complaint, plaintiff sought millions of dollars in punitive damages based on assertions "that his First Amendment rights to court access, to 'communicate with outside world,' and 'lawyer-client privilege' were violated." He also sought "compensatory damages" for his "losses of being able to opt-out

of class action lawsuit and sue in the state for civil penalties for consumer protection violations." On August 21, 2013, the court entered a Memorandum and Order to determine whether or not plaintiff had complied with its screening order and to screen the First Amended Complaint. The court concluded that the Amended Complaint, like the original, failed to state a federal constitutional claim "because plaintiff's own allegations and exhibits show that the letters in question were not 'legal mail' and fail to show that he was denied access to the courts." The action was dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915A(a),(b) and 1915(e)(2)(B).

**MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff's Motion to Alter or Amend Judgment (Doc. 47) purports to seek relief under Rule 59(e) of the Federal Rules of Civil Procedure. However, since this motion was filed more than 28 days after judgment, it is treated as a motion for relief under Rule 60(b). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990); *Amoco Oil Co. v. U.S.E.P.A.*, 231

F.3d 694, 697 (10th Cir. 2000). Under Rule 60(b), a "litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[1] *Van Skiver*, 952 F.2d at 1244; *Cashner*, 98 F.3d AT 576-77.

Rule 60(b) is not a vehicle to reargue the merits of the underlying judgment or to advance new arguments or present supporting facts which could have been included in the plaintiff's earlier filings. Nor is it to be used as a substitute for appeal. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996); *Wilkins v. Packerware Corp.*, 238 FRD 256, 263 (D.Kan. 2006), *aff'd* 260 Fed.Appx. 98 (10th Cir. 2008)(citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)). The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d

---

[1] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

Mr. Jones does not allege facts showing his entitlement to relief under any of the grounds set forth in Rule 60(b). Instead, in his motion he alleges that the El Dorado Correctional Facility has a "new policy of e-filing" and "the prison failed to e-file (his) Proof of Damages" incurred as a result of Shawnee County Jail not returning his "four outgoing legal letters." He claims that due to this "new e-file system (he) was robbed of being heard." In addition, he alleges that this court said he had not fully exhausted his administrative remedies.[2] He asks the court to grant this motion to allow him "to address the failure to return those letters" until he left the jail in April 2013.

Plaintiff was able to file, and this court considered, at least 28 filings before its order of dismissal was entered. Thus, plaintiff's suggestion that he was robbed of being heard is ludicrous. Moreover, Mr. Jones does not sufficiently describe a single document that was not e-filed or was lost. He simply refers to one document as "Proof of Damages." The court

---

[2] Plaintiff also suggests that prior to entry of the order of dismissal herein, he "asked for a motion to leave to alter and amend so another ruling is due." On the contrary, plaintiff's numerous motions filed prior to the entry of the court's order of dismissal were determined in that order and no motion was left pending.

notes that among his 28 filings, Mr. Jones managed to file two "Affidavit(s) in Support of Damages" (Docs. 23, 24). In any event, lack of proof of damages was not a defect that plaintiff was required to cure.[3] Furthermore, plaintiff's complaint contained other substantial defects that he was specifically required, but failed, to cure.

Plaintiff's allegation that the court dismissed this action for failure to exhaust is plainly incorrect. The court briefly mentioned that plaintiff's habeas claims required exhaustion of state court remedies, but those claims were dismissed as improperly raised in this civil action. Plaintiff's conditions claims were dismissed for failure to state a claim and as frivolous.

Plaintiff's disagreement with the findings and rulings of the court, including his insistence that the letters in question qualified as "legal mail", and his rehashing of other arguments fail to demonstrate the existence of any extraordinary circumstances that would justify a decision to alter or amend

---

[3] The court found, among other defects, that plaintiff failed to allege a physical injury and was barred from recovering damages for mental and emotional injury; and that plaintiff failed to state facts showing that the conduct of any defendant involved an evil motive so as to support a claim for punitive damages. Plaintiff does not allege that the document in question showed his own physical injury or evil motive on the part of any defendant. Instead, he indicates it contained proof that withholding his letters caused him to lose money, a claim which this court rejected prior to judgment.

the judgment dismissing this action.[4]

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The court has considered and denies plaintiff's Motion for Leave to File an Amended Complaint (Doc. 48). In this motion, Mr. Jones seeks to file an Amended Complaint "adding a party and correcting deficiencies." This is not a proper motion in a closed case. *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)."); *Strepka v. Miller*, 28 Fed.Appx. 823, 829 (10th Cir. 2001). It is also a deficient motion to amend because it does not have a complete Amended Complaint attached as required.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Relief from Judgment (Doc. 47) is treated as one under Rules 60(b) and denied; and that plaintiff's Motion for Leave to File an Amended Complaint (Doc. 48) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2014, at Topeka, Kansas.

---

[4] The court notes that plaintiff was given ample opportunity and time to name proper parties and correct deficiencies and reiterates that he managed to file numerous responsive pleadings despite his new allegations that he was moved around and suffered a single instance of failure to e-file.

s/Sam A. Crow
U. S. Senior District Judge